NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued September 28, 2007
Decided March 17, 2009

*Before*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 06-3229

| | |
|---|---|
| COMMERCIAL LOGISTICS CORPORATION, | Appeal from the United States District Court for the Southern District of Indiana, New Albany Division. |
| *Plaintiff-Appellant*, | |
| v. | No. 04 C 74 |
| ACF INDUSTRIES, INC., | |
| *Defendant-Appellee*. | Sarah Evans Barker, *Judge* |

## ORDER

Plaintiff-appellant Commercial Logistics Corporation ("CLC") filed suit in 2004 under the Indiana Environmental Legal Action statute, Ind. Code §§ 13-30-9-1 *et seq.* ("ELA"), seeking reimbursement for the costs it has incurred and will incur to remediate petroleum contamination on its property, which was formerly owned by defendant-appellee ACF Industries, Inc. ("ACF"). CLC filed the suit in Indiana state court, and ACF removed it to federal court based on the diverse citizenship of the parties. 28 U.S.C. § 1332.

The district court entered summary judgment in favor of ACF, holding that CLC's ELA claim was untimely. R. 57; *Commercial Logistics Corp. v. ACF Indus., Inc.*, 2006 WL 3201916, at *7-9 (S.D. Ind. July 18, 2006). The court reasoned in relevant part that CLC's claim accrued, and the statute of limitations began to run at the latest in 1994, when CLC discovered and began to address the contamination of its property, rather than in 1998, when the ELA first took effect. *Id.*, at *8. The court's rationale reflected an attempt to predict how the Indiana Supreme Court would decide this question, as there was no case from that court directly on point. *See id.*, at *3.

Roughly nine months after the district court's decision, the Indiana Court of Appeals likewise concluded that a claim under the ELA accrued with the pre-enactment discovery of contamination. *Cooper Indus., LLC v. City of South Bend*, 863 N.E.2d 1253 (Ind. Ct. App. 2007). The state court relied in part on the district court's decision in this case as support for its holding. *Id.* at 1260.

CLC appealed the district court's decision, and after we heard oral argument in September 2007, we held in abeyance any decision on the merits of the appeal pending the Indiana Supreme Court's decision whether to grant transfer in the *Cooper Indus.* case. The Indiana Supreme Court thereafter decided to grant transfer. 878 N.E.2d 219 (Ind. 2007). Given that a decision by that court as to when an ELA claim accrues and the statute of limitations begins to run would be authoritative, we continued to hold our decision in abeyance.

The Indiana Supreme Court issued its decision in *Cooper Indus.* on January 22, 2009, and the court certified that decision pursuant to Ind. App. R. 65(E) on March 6, 2009. *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274 (Ind. 2009). The court decided in relevant part that the statute of limitations applicable to an ELA claim for contamination discovered prior to the enactment of the statute did not begin to run until the statute took effect in 1998. *Id.* at 1284-86. The court's holding on that point was thus contrary to the district court's prediction in this case as to how it would rule. The Indiana Supreme Court in fact acknowledged the district court's contrary decision but "conclud[ed] [that] the new nature of the ELA claim warrants setting accrual no earlier than the date of enactment." *Id.* at 1286 n.8.

We asked the parties to submit cross-briefs as to the effect of the Indiana Supreme Court's decision on this appeal. In response, the parties have filed a joint stipulation reflecting their agreement that the district court's decision should be vacated and the case remanded to the district court for further proceedings. We commend the parties for their effort to spare their clients and this court the unnecessary expenditure of additional resources by coming to an agreement on this point.

Based on our independent review of the Indiana Supreme Court's authoritative decision as to when an ELA claim for pre-enactment contamination accrues, we agree with the parties that the district court's decision must be vacated and the case remanded for further proceedings consistent with the *Cooper Indus.* decision.

The district court's decision entering summary judgment in favor of ACF is VACATED, and the case is REMANDED for further proceedings. The mandate shall issue immediately.